UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHAHNAZ POURSAID,                                                                                           Plaintiff,

v.                                                     Civil Action No. 3:18-CV-720-DJH

NORTON BROWNSBORO HOSPITAL et al.,                               Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the motion to dismiss filed by Defendant Norton Healthcare, Inc. d/b/a Norton Brownsboro Hospital (Docket No. 32), and the motion for judgment on the pleadings (DN 41) filed by Defendant Medical Solutions, LLC. The Court will grant the motions for the reasons that follow.

**I.**

*Pro se* Plaintiff Shanaz Poursaid initiated this action by filing her complaint on an employment discrimination form provided by the United States District Court for the Northern District of Alabama. On that form, Plaintiff indicated that in bringing this action she was invoking Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA) of 1990. She indicated that her employment as a nurse at Norton Brownsboro Hospital had been terminated and checked the following boxes on the form: failure to accommodate disability, unequal terms and conditions of employment, and retaliation. She also checked the following boxes in the portion of the complaint in which to explain the discrimination against her: gender/sex, religion, national origin, age, and disability. She listed her "gender/sex" as "female/heterosexual," her national origin as "Iranian," and birth year as 1971. She did not

otherwise explain the alleged discrimination against her, nor did she specify what her disability is as the form instructed. Plaintiff's complaint was not signed under penalty of perjury.

To her complaint, Plaintiff attached a copy of the Equal Employment Opportunity Commission (EEOC) charge-of-discrimination letter she filled out and the EEOC's Dismissal and Notice of Rights letter. Plaintiff's charge-of-discrimination letter checked boxes indicating that she had been discriminated against on the basis of sex, religion, national origin, age, and disability. She states in pertinent part in that letter:

> I am female Middle Eastern National origin with disability in protected age group. I was fired by Medical Solution Travel Agency in February 2018 as Registered Nurse. I performed my job in satisfactory manner.
>
> I have successfully completed one assignment for the above-named employer. I started new assignment at Norton Brownsboro Hospital in Louisville, Kentucky on approximately April 9, 2018 just after three nights in the hospital I was notified by Paul DiBattista, Requrter of Medical Solution Travel Agency of a complaints by Norton Brownsboro Hospital which included that a) I had yelled, when I had not, b) I did not have a stethoscope, c) One of my scrub did not have matching pant. I immediately purchased stethoscope and scrub which was been paid by Medical Solution Travel Agency. Hospital never informed to me directly about any complaint and rather I was appreciated for my performance on managing emergency and was rewarded with gift coupon.
>
> On last day working in the hospital, I was been assigned to 4 patients in my assigned work place and then was floated to Emergency Room after 12:00 MN which I had to take care of another 4 patients. I had total of 8 patients instead of maximum ratio of 4:1 per hospital policy. I worked without any break on the last working day there.
>
> On May 16, 2018 at 14:24 I received text m[e]ssage from Aaron Bogreen with Medical Solutions saying: Please do not return to the hospital until we speak. I immediately called him and he said: Norton Brownsboro Hospital has fired me and they will not hire me again in future and also Medical Solution Travel Agency terminate me too. I asked for reason and if possible mail me copy of hospital's complaints against me. He said: he cannot mail me the reason but will let me know on phone. He gave few reason which were all false and discriminatory in nature but Main reason for discharge [was] . . . "no family of patients want me in their patients' room as they feel unsafe around me."

## II.

### A. Defendant Norton's Rule 12(b)(6) motion to dismiss

Defendant Norton's motion to dismiss is brought under Fed. R. Civ. P. 12(b)(6). It argues that Plaintiff's complaint does not plead "any facts to indicate any discriminatory conduct on the part of Norton or any facts to indicate that Norton had any influence or control over her employment." Norton argues that because Plaintiff admits that it was not her employer, her claims under Title VII, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act and ADA Amendments Act (ADAAA) against it fail as a matter of law. Norton additionally argues that Plaintiff has not stated any facts to indicate how any of its actions were based on the various protected categories to which she states she belongs or on which to infer liability under Title VII, the ADEA or the ADAAA.

Plaintiff filed a motion to compel (DN 36), which responds to Norton's motion to dismiss. She asks this Court to "invalidate" the motion to dismiss because it was sent to her at an incorrect address. Regarding the merits of the motion to dismiss, Plaintiff asks a number of questions:

> I was terminated and main reason given to me was: Patients's family did not want me around their loved one as they don't feel safe. Why? Why patients's family did not feel safe? This is my legal questions. Is it an made up story by hospital to get rid of me or if it truth, why? How many complaints from patients's family they had received and why? Did I hurt anyone? Why patients's family did not feel safe? Because I am an Iranian? Because I am not American? Because I am not white or black? Because I have accent? Because I am a woman? Because I am 47? Because I am disable?? Why? What was the reason? And what I write is fact to the case which is a very disgusting facts as everything el that is going on in my life since 2006 which is state of government identity theft.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). As the Supreme Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). The Court must "accept as true all factual allegations, but not legal conclusions or unwarranted factual inferences." *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018) (internal quotation marks and citation omitted)

The Sixth Circuit has held that when a court is presented with a Rule 12(b)(6) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

It appears from the charge-of-discrimination letter attached to the complaint that Plaintiff, a nurse, had been hired by Defendant Medical Solutions and assigned to work for Defendant Norton Healthcare in Louisville at the Norton Brownsboro Hospital. According to Norton's motion, Plaintiff's allegations related to her termination against it fail because it was not her employer. However, the Court notes that Plaintiff's charge-of-discrimination letter does contain a statement attributed to Medical Solutions' employee Aaron Bogreen that "Norton Brownsboro Hospital has fired me and they will not hire me again in future[.]" It is not necessary for the Court to determine whether, in fact, Norton's role was one of employer because the Court finds that Plaintiff fails to allege that her firing was based on discriminatory conduct, as will be set forth below.

## B. Defendant Medical Solutions motion under Rule 12(c)

Defendant Medical Solutions' motion for judgment on the pleadings argues that Plaintiff's "threadbare, conclusory allegations" are insufficient to state a claim against it under Federal Rule of Civil Procedure 12(c). Medical Solutions asserts that Plaintiff's complaint shows that her termination was based upon patient concerns over the care she was providing and contains no allegations as to how Medical Solutions treated other employees not in protected classes differently or more favorably. Therefore, Medical Solutions asserts that she fails to state a Title VII claim.

Medical Solutions also argues that Plaintiff's ADA claim must also be dismissed because the complaint contains absolutely no factual allegation that she suffers from any disability or that she ever requested an accommodation, both of which would be required to sustain a failure-to-accommodate-a-disability claim. Medical Solutions also argues that Plaintiff's age-discrimination claim must be dismissed because, although she asserts that she is over 40 years old, her complaint "contains no factual allegations to show that her termination was based on her age" or that she was treated less favorably than similarly-situated younger employees.

Finally, Medical Solutions argues that Plaintiff fails to state a claim for retaliation because she fails to allege that she engaged in any protected activity or any fact from which the Court could infer a causal connection between her termination and any protected activity.

In response to Medical Solutions' motion, Plaintiff first argues that she did not receive notice that their counsel had changed. Therefore, "any correspondence or motion without informing me as party to the case is considered invalid and breech of trust according to law" and that this misconduct "subject[s] the defendant to dismissal" for violation of ethical rules. She also argues that she was expecting her 2018 W2 form from Medical Solutions but has not

received it. She considers this to be fraud, which she states she has reported to the Internal Revenue Service.

In reply (DN 47), Medical Solutions points out that Plaintiff's response completely ignores the factual and legal bases for its motion for judgment on the pleadings. Additionally, Medical Solutions asserts that its counsel did not act unethically as evidenced by counsel having properly entered a notice of appearance in this matter and did not act fraudulently with regard to her request for a W2 form. As exhibits, Medical Solutions attaches copies of correspondence and emails sent to Plaintiff as well as copies of notices of appearances filed by counsel in this case. From these materials, the Court finds no evidence that counsel acted unethically.

In considering a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a) (defining "pleadings" to include both the complaint and the answer); *Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). "While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (internal quotation marks and citation omitted). "In this jurisdiction, '[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *M&M Bar Corp. v. Northfield Ins. Co.*,

260 F. Supp. 3d 895, 898 (N.D. Ohio 2017) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 389 (6th Cir. 2007)).

Therefore, the Court will consider both Defendants' motions below. For the reasons that follow, both motions must be granted because Plaintiff fails to allege requisite facts to state a claim upon any of the theories of discrimination of the boxes she checked on the forms.

*1. Disability*

"The ADA prohibits covered employers from discriminating against qualified individuals with a disability." *Shoemaker v. ConAgra Foods, Inc.*, 219 F. Supp. 3d 719, 732 (E.D. Tenn. 2016) (citing 42 U.S.C. § 12112). Here, Plaintiff fails to offer factual allegations that, if believed, would support a finding that she is disabled within the meaning of the ADA because she does not allege that she suffers from any disability. Accordingly, her ADA claim must be dismissed. *See, e.g.*, *Coleman v. Ford Motor Co.*, No. 3:04CV7590, 2005 WL 1459549, at *2 (N.D. Ohio June 17, 2005) ("Any claim of disability discrimination that plaintiff's complaint might be read as asserting is barred due to plaintiff's failure to specify the allegedly disabling impairment.").

*2. Retaliation*

The anti-retaliation provision of Title VII protects employees from retaliation for opposing an employer's "unlawful employment practices" such as sex discrimination or harassment. *Grimsley v. Am. Showa, Inc.*, No. 3:17-CV-24, 2017 WL 3605440, at *5 (S.D. Ohio Aug. 21, 2017) (citing 42 U.S.C. § 2000e-3(a)). A plaintiff may establish a *prima facie* case of retaliation by showing that: (1) she engaged in an activity protected by Title VII; (2) the defendant knew she engaged in this protected activity; (3) thereafter, the defendant took an employment action adverse to her and (4) there was a causal connection between the protected

activity and the adverse employment action. *Id*. Once again, Plaintiff fails to allege that she was engaged in any protected activity, much less that either Defendant knew of the protected activity and fired her for it. This claim will be dismissed.

*3. Gender, religion, and national origin*

Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013) (citing 42 U.S.C. § 2000e-2(a)). Plaintiff fails to allege any facts from which the Court could reasonably infer that she was discriminated against on the basis of her gender, religion, or national origin. *Iqbal*, 556 U.S. at 678 (holding that a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (internal citation omitted). Instead, Plaintiff's complaint, liberally construed, alleges that the main reason she was fired was because of patient families' complaints as to her ability to do her job safely. The only other allegations in the complaint indicate that complaints were also made that she lacked a stethoscope, that she lacked matching scrub pants, and that she had yelled. As such, Plaintiff's claims of discrimination based on gender, religion,[1] and national origin must be dismissed. *See, e.g., Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination case where the plaintiff failed to allege facts from which a reasonable person could infer how his race or gender factored into the employer's employment decision); *Anaissie v. Univ. of Cincinnati Physicians, Inc.*, No. 1:15-cv-701, 2016 WL 695932, at *2 (S.D. Ohio Feb. 22, 2016) (finding that allegations that plaintiff was of Middle Eastern ancestry and was terminated despite performing his duties capably were insufficient to allow plausible inference that plaintiff was terminated due in part to his national origin).

---

[1] Indeed, Plaintiff does not even identify what her religion is.

*4. Age*

Under the ADEA, employers are prohibited from discharging or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's age. *See Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008) (citing 29 U.S.C. § 623). To establish a *prima facie* case of age discrimination under the ADEA, Plaintiff must produce evidence (1) that she was over the age of 40, and therefore a member of the class of persons protected by the ADEA; (2) that Defendant subjected her to an adverse employment action; (3) that she was qualified for the position; and (4) that Defendant replaced her with someone who was substantially younger. *Williams v. Union Underwear Co.*, 614 F. App'x 249, 255 (6th Cir. 2015).

Here, although Plaintiff provides her birthyear which establishes that she was more than 40 years old when she was terminated, she makes no allegations that her termination was based on her age. In fact, as already stated, her allegations are that the main reason she was fired was that patients' families did not believe she was performing her job in a safe manner. Consequently, Plaintiff's age-discrimination claim must be dismissed. *See, e.g.*, *Murriel v. City of Detroit Admin. & Mgmt.*, No. 17-11328, 2018 WL 4854104, at *4 (E.D. Mich. July 30, 2018) (finding that "plaintiff's conclusory statements in her complaint of unfair treatment (e.g., was blackballed, was not promoted, and was demoted), fail to even suggest that any action taken by the City was "because of" her age, and therefore violated the ADEA."), *report and recommendation adopted*, No. 17-11328, 2018 WL 4001921 (E.D. Mich. Aug. 22, 2018).

### III.

Accordingly,

**IT IS ORDERED** that Defendant Norton Healthcare's motion to dismiss (DN 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Medical Solutions's motion for judgment on the pleadings (DN 41) is **GRANTED**.

The Court will enter a separate Order dismissing this action.

Date: September 24, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
4415.009